UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| **TIMOTHY E. STROWMATT,** | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 3:06cvc0348AS |
| | ) | |
| **SUPERINTENDENT, MIAMI** | ) | |
| **CORRECTIONAL FACILITY,** | ) | |
| | ) | |
| Respondent | ) | |

### *MEMORANDUM, OPINION AND ORDER*

On or about June 2, 2006, *pro se* petitioner, Timothy E. Strowmatt an inmate at the Miami Correctional Facility in Bunker Hill, Indiana (MCF), filed a petition seeking relief under 28 U.S.C. §2254.  The Response filed on behalf of the respondent by the Attorney General of Indiana on November 1, 2006, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982).  The petitioner filed a Traverse on November 15, 2006, and a motion for relief from judgment of order on November 27, 2006, which this Court has carefully examined.

A good beginning point is a published opinion by the Court of Appeals of Indiana in *Strowmatt v. State*, 686 N.E. 2d 154 (Ind. App. 1997), authored on September 29, 1997 by Judge Hoffman.  Judges Garrard and Baker concurred.  A later opinion of the Court of Appeals of Indiana is found in *Strowmatt v. State*, 779 N.E. 2d 971 (Ind. App. 2002).  That opinion was entered on December 17, 2002, and authored by Judge Riley and concurred in

by Judges Mattingly-May and Ross.

Certainly the facts set out by these two very able state Court of Appeals judges in these published opinions are entitled to a presumption of correctness under 28 U.S.C. §2254(e)(1), and this petitioner has the burden of rebutting that presumption by clear and convincing evidence which he has failed to do.

The memorandum filed by the Attorney General of Indiana in this case on November 1, 2006 does not mention that either of these decisions by the Court of Appeals of Indiana was the subject of action on transfer by the Supreme Court of Indiana which raises some question under *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999).  Indeed, no such transfer was sought in either case from the Supreme Court of Indiana.  What the Attorney General of Indiana does raise is an issue in regard to the applicable statute of limitations in 28 U.S.C. §2244(d).  This court knows judicially that the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1), was originally April 24, 1996, which was extended by a judicially-created period of grace to April 24, 1997.  *See Artuz v. Bennett*, 531 U.S. 4 (2000) .  For the concept of finality, *see Griffith v. Kentucky*, 479 U.S. 314 (1987).  In that regard, the conviction here was final on or about December 10, 1997.

He is certainly entitled to any benefit under *Houston v. Lack,* 487 U.S. 266 (1988), but that does not appear to obviate the applicable statute of limitations here.  The Attorney General of Indiana does concede that the petitioner's state post-conviction proceedings and appeal therefrom was tolled until after the Indiana Court of Appeals denied relief on

2

December 17, 2002.  This petition was filed on June 2, 2006.  *Houston* doesn't appear to extend that.  Thus, the petitioner's claims here are untimely.

This court is familiar with the general concept regarding the deference that is entitled to these state appeal decisions.  *See Bell v. Cone*, 543 U.S. 447 (2005), *reversing Cone v. Bell*, 359 F.3d 785 (6th Cir. 2004)*, Woodford v. Visciotti*, 537 U.S. 19 (2002), and *Early v. Packer*, 537 U.S. 3 (2002).

It is very unlikely at this stage that the Supreme Court of Indiana will entertain a very belated proceeding with regard to transfer either of the decisions of the Court of Appeals of Indiana either in 1997 or 2002.  Since that reality exists, this case is entitled to a decision denying relief under 28 U.S.C. §2254, which is now **DONE**.  **IT IS SO ORDERED**.

**DATED:**  December 8, 2006

                                                      **S/ ALLEN SHARP**
                                                      **ALLEN SHARP, JUDGE**
                                                      **UNITED STATES DISTRICT COURT**